UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE APPLICATION OF REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO UNSEAL JUDICIAL RECORDS RELATED TO SEARCH WARRANT EXECUTED ON JANUARY 14, 2026 | Misc. Action No. _____ |

### APPLICATION OF REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO UNSEAL JUDICIAL RECORDS RELATED TO SEARCH WARRANT EXECUTED ON JANUARY 14, 2026

1. The Reporters Committee for Freedom of the Press (the "Reporters Committee" or "Applicant") respectfully moves this Court for an Order unsealing judicial records related to the search warrant executed at the residence of *Washington Post* reporter Hannah Natanson ("Natanson") on or about January 14, 2026, including the search warrant, application, supporting affidavit, return, and any other judicial records related to the warrant, such as motions to seal and docket sheets (together, the "Search Warrant Materials"). A supporting memorandum of law is filed herewith.

2. As explained more fully in the accompanying memorandum, the press and the public have a right of access to the Search Warrant Materials under the common law, and no compelling government interest justifies the continued sealing of such records.

### INTEREST OF THE APPLICANT

3. The Reporters Committee is an unincorporated nonprofit association founded by leading journalists and media lawyers in 1970, when the nation's press faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, Reporters Committee attorneys provide *pro bono* representation, amicus curiae support, and other legal

resources to safeguard First Amendment freedoms and the newsgathering rights of journalists.

4. A core component of the Reporters Committee's mission is the protection of journalists' confidential work product and communications against compelled disclosure. The Reporters Committee has therefore played a leading role in shaping federal policy on the use of search warrants and other investigative tools to obtain information from reporters and news organizations. *See New Justice Department Policy Marks 'Historic Shift' in Press Protection*, Reps. Comm. for Freedom of the Press (Oct. 26, 2022), https://perma.cc/SL7H-HQEV (describing the Reporters Committee's long-standing role in coordinating dialogue between the U.S. Department of Justice and leading news organizations on the Department's "news media guidelines," which govern obtaining information from, or records of, members of the press).

5. In connection with that mission, the Reporters Committee regularly moves to unseal judicial records in leak investigations to better understand the circumstances in which the government seeks (and courts issue) search warrants and related orders that implicate journalists' sources and work product, including in matters in this District.[1]

6. The Reporters Committee relies on information drawn from those materials to publish guidance on reporters' rights and to advocate for stronger safeguards against investigative overreach, including a federal reporters shield law. *See, e.g.*, Letter from Reps. Comm. for

---

[1] *See, e.g.*, Joint Stipulation of Dismissal, *In re Appl. of Reps. Comm. for Freedom of the Press for Access to Certain Sealed Ct. Recs.*, No. 1:17-mc-00002 (E.D. Va. Mar. 23, 2017), ECF No. 10 (noting the government's unsealing of warrant materials related to the investigation of John C. Kiriakou in response to an application by the Reporters Committee); Order, *In re Appl. of Reps. Comm. for Freedom of the Press for Access to Certain Sealed Ct. Recs.*, No. 18-mc-85 (D. Minn. Nov. 29, 2018), ECF No. 6 (granting the Reporters Committee's application for access to pen register and Stored Communications Act orders related to the investigation of Terry J. Albury); Order, *In re Appl. of Reps. Comm. for Freedom of the Press for Access to Certain Sealed Ct. Recs.*, No. 17-cv-169 (D. Md. June 26, 2017), ECF No. 18 (granting the Reporters Committee's application for access to pen register and Stored Communications Act orders related to the criminal investigation of Thomas Drake).

Freedom of the Press et al. to U.S. Senate (Dec. 7, 2022), https://www.rcfp.org/briefs-comments/rcfp-senate-press-act-letter/ (writing in support of S. 2457, the Protect Reporters from Excessive State Suppression, or PRESS, Act).

## FACTUAL BACKGROUND

7. On January 14, 2026, the Federal Bureau of Investigation executed a search warrant at the Virginia home of *Washington Post* reporter Hannah Natanson. *See* Perry Stein & Jeremy Roebuck, *FBI Executes Search Warrant at Washington Post Reporter's Home*, Wash. Post (Jan. 14, 2026), https://wapo.st/4pFh6lw. According to the *Post*, after searching Natanson's home, agents seized Natanson's personal laptop, a work laptop, a Garmin watch, and her phone. *See id.*; *accord* Benjamin Mullin et al., *F.B.I. Searches Home of Washington Post Journalist in a Leak Investigation*, N.Y. Times (Jan. 14, 2026), https://perma.cc/T782-AUQP.

8. According to the *Post*'s reporting, Natanson was told she was not the focus of the government's investigation; the warrant as provided to Natanson reflects that the seizure was connected to the investigation and prosecution of Aurelio Perez-Lugones, *see id.*, a government contractor who was charged with unlawful retention of national defense information in the U.S. District Court for the District of Maryland on January 8, 2026, *see* Criminal Complaint, *United States v. Perez-Lugones*, No. 1:26-mj-00045 (D. Md. Jan. 9, 2026), ECF No. 1; *see also* 18 U.S.C. § 793(e). The affidavit in support of that complaint alleges that search warrants executed at Perez-Lugones's Laurel, Maryland home and car on January 8 located classified documents in his lunch box and basement. *See* Affidavit in Support of Criminal Complaint, *United States v. Perez-Lugones*, No. 1:26-mj-00045 (D. Md. Jan. 9, 2026), ECF No. 1-1. The publicly available filings in the Perez-Lugones prosecution make no reference to Natanson or to the *Washington Post*. *See generally id.*

9. In a statement confirming the search of Natanson's home, Attorney General Pam Bondi announced: "This past week, at the request of the Department of War, the Department of Justice and FBI executed a search warrant at the home of a *Washington Post* journalist who was obtaining and reporting classified and illegally leaked information from a Pentagon contractor. The leaker is currently behind bars. I am proud to work alongside Secretary Hegseth on this effort. The Trump Administration will not tolerate illegal leaks of classified information that, when reported, pose a grave risk to our Nation's national security and the brave men and women who are serving our country." Attorney General Pamela Bondi (@AGPamBondi), X (Jan. 14, 2026, 10:14 AM), https://perma.cc/N4TK-BPH2.

10. Because the search and seizure of a journalist's property is a rare and extreme measure, the execution of the warrant has already drawn exceptional public interest. As Bruce D. Brown, president of the Reporters Committee, explained in a statement after the search, "Physical searches of reporters' devices, homes, and belongings are some of the most invasive investigative steps law enforcement can take. There are specific federal laws and policies at the Department of Justice that are meant to limit searches to the most extreme cases because they endanger confidential sources far beyond just one investigation and impair public interest reporting in general. While we won't know the government's arguments about overcoming these very steep hurdles until the affidavit is made public, this is a tremendous escalation in the administration's intrusions into the independence of the press." *RCFP Statement on FBI Search of Washington Post Reporter's Home*, Reps. Comm. for Freedom of the Press (Jan. 14, 2026), https://perma.cc/EJG8-NNLU.

11. According to reporting by *Politico*, a Department of Justice official "said the affidavit for the search at Natanson's home remains sealed." Gregory Svirnovskiy, Kyle Cheney

& Josh Gerstein, *FBI agents search home of Washington Post reporter*, Politico (Jan. 14, 2026), https://www.politico.com/news/2026/01/14/fbi-washington-post-search-00727375.

12.     On information and belief, the Search Warrant Materials are docketed as a sealed miscellaneous matter in this District.  *See* Fed. R. Crim. P. 41(b) (venue for search warrant proper where the person or property to be searched is located).  The Reporters Committee does not know and cannot ascertain based on public information which of the sealed search warrant matters currently reflected on this District's docket corresponds to the Search Warrant Materials.  *See* Search Warrant Running List, E.D. Va., https://ecf.vaed.uscourts.gov/cgi-bin/DktRpt.pl?847319082821541-L_1_0-1 (last accessed Jan. 14, 2026).

## REQUEST FOR RELIEF

13.     The Reporters Committee seeks an order unsealing all judicial records related to the search warrant executed at the residence of *Washington Post* reporter Hannah Natanson on or about January 14, 2026, including the search warrant, application, supporting affidavit, return, and any other judicial records related to the warrant, such as motions to seal and docket sheets.

14.     The Reporters Committee seeks any further relief that the Court deems just and proper.

## ORAL ARGUMENT REQUESTED

15.     The Reporters Committee respectfully requests oral argument on this application.

Dated: January 14, 2026                              Respectfully submitted,

                                                                    */s/ Lin Weeks*
                                                                    Lin Weeks
                                                                    Va. Bar No. 97351
                                                                    lweeks@rcfp.org
                                                                    Grayson Clary*
                                                                    gclary@rcfp.org
                                                                    Adam A. Marshall*
                                                                    amarshall@rcfp.org

        REPORTERS COMMITTEE FOR
         FREEDOM OF THE PRESS
        1156 15th St. NW, Suite 1020
        Washington, DC 20005
        Phone: 202.795.9300
        Facsimile: 202.795.9310

        **Pro Hac Vice Application Forthcoming*

        *Counsel for Applicant the Reporters*
        *Committee for Freedom of the Press*

## **CERTIFICATE OF SERVICE**

I, Lin Weeks, hereby certify that on January 14, 2026, a copy of the foregoing was filed electronically using this Court's CM/ECF system, and sent via U.S. Mail and email to:

United States Attorney's Office for the Eastern District of Virginia
James W. Williams United States Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
usavae.usattys@usdoj.gov

Dated: January 14, 2026                                        Respectfully submitted,


                                        */s/ Lin Weeks*
                                        Lin Weeks
                                        REPORTERS COMMITTEE FOR
                                         FREEDOM OF THE PRESS

                                        *Counsel for Applicant the Reporters
                                        Committee for Freedom of the Press*