# ATTACHMENT

## Motion to Unseal

## Filed on January 30, 2026

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |  |
|---|---|---|---|
| IN THE MATTER OF SEARCHES RELATED TO HANNAH NATANSON | ) ) ) | Case No. | 1:26sw 52 1:26sw 53 1:26sw 54 |

GOVERNMENT'S MOTION TO UNSEAL MOST OF THE COMMON
AFFIDAVIT SUBMITTED IN SUPPORT OF APPLICATIONS FOR WARRANTS

On January 13, 2026, United States Magistrate Judge William B. Porter granted the motion of the United States to seal the common affidavit in support of applications for the warrants in the above-captioned matters.

Sealing should be narrowly tailored to balance the values furthered by sealing (including the protection of ongoing criminal investigations) against the values furthered by unsealing (including the enhancement of the public's ability to evaluate the performance of the investigators). *Baltimore Sun v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989). Under *Baltimore Sun*, the Court may deny access when sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." In so doing, it is equally clear that the Court must consider alternatives to sealing the documents. *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 513 (1984); *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir.1984). In *Baltimore Sun*, the Fourth Circuit noted that this process "ordinarily involved giving access to a redacted version." *Id*. at 67.

The right of access to the affidavits is committed to the sound discretion of the Court that sealed them in the first place. *Washington Post Co. v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991). In its sound discretion, the Court granted our motions to seal the common affidavit for the reasons apparent from the affidavit itself; it is well within the Court's discretion to order the unsealing of a redacted version of the affidavit on the basis of changed circumstances.

Since the affidavits in support of the applications for warrants in these matters were first ordered to be sealed, circumstances have changed. The investigation has progressed and the target of the investigation has been indicted. Accordingly, there is no longer a compelling government interest to maintain under seal the entirety of the common affidavit in support of the applications for the warrants in these matters. As a result, the United States now moves for the unsealing of virtually all of the supporting common affidavit in this matter.

For the same reasons explained in the original motion to seal, however, two words in Paragraph 16 of the common affidavit and parts of one sentence in Paragraph 42 of that affidavit should remain under seal because they describe facts related to the classified national defense information at issue in this investigation. Accordingly, we provide under seal (and *ex parte*) as Exhibit 1 to this motion the redacted common affidavit that we propose to be unsealed, marked to identify those portions which should remain sealed even while a redacted version of the affidavit can be unsealed. Exhibit 2 to this motion is the redacted version of the common affidavit that we propose to be unsealed.[1]

<<

<<

<<

<<

<<

---

[1] The only difference between the affidavits submitted with 1:26cr52, 1:26cr53, and 1:26cr54, is that each contains a different Attachment A (describing the specific subject of each warrant; namely, the residence, the vehicle, and the person). Since each of the Attachments A to those affidavits (as well as the Attachment B that is common to all three affidavits) are already publicly filed with their respective warrants, Exhibits 1 and 2 to this motion do not include the Attachments A and B that were initially attached to the affidavits as approved by this Court. In this manner, unsealing Exhibit 2 alone will provide public access to the affidavit that was common to 1:26cr52, 1:26cr53, and 1:26cr54.

For these reasons, the Court should unseal the redacted version of the common affidavit in support of the application for the warrants in these matters, included with this motion as Exhibit 2.

Respectfully submitted,

Todd W. Blanche
Deputy Attorney General

By: _____
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
gordon.kromberg@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| IN THE MATTER OF SEARCHES RELATED TO HANNAH NATANSON | ) ) ) ) | Case No.   1:26sw 52 1:26sw 53 1:26sw 54 |

## ORDER TO UNSEAL

WHEREAS, on January 13, 2026, and to protect an ongoing investigation, this Court sealed the common affidavit that supported the applications for the warrants in the above-captioned matters;

WHERAS, the United States has now moved to unseal virtually all of that common affidavit on the grounds that the investigation has progressed such that sealing is no longer necessary to protect that investigation; and

WHEREAS, there is no longer any compelling government interest in sealing the entire common affidavit in this case;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that the redacted common affidavit submitted by the United States as Exhibit 2 to its Motion to Unseal in the above-captioned matters be and hereby is unsealed.

Date: _____
Alexandria, Virginia

_____

# Exhibit 1

# Exhibit 2